RAYMOND H. AVER - SBN 109577
LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation
10801 National Boulevard, Suite 100
Los Angeles, California 90064
Telephone: (310) 571-3511
email: ray@averlaw.com

Bankruptcy Counsel for
LAW OFFICES OF RAYMOND H. AVER, APC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]**

| | |
|---|---|
| **In re:**<br><br>**GLEN E. PYLE,**<br><br><br><br>**Debtor.** | **Case No. 1:10-bk-24968-GM**<br><br>**Chapter 7**<br><br>**OPPOSITION TO "TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE LAW OFFICES OF RAYMOND H. AVER, APC AND MARC H. BERRY TO DISCHARGE LIENS AS VIOLATING THE AUTOMATIC STAY"; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RAYMOND H. AVER IN SUPPORT THERETO**<br><br>**[Request for Judicial Notice, filed concurrently]**<br><br>**Date: October 27, 2020**<br>**Time: 10:00 a.m.**<br>**Place: Courtroom 303**<br>**United States Bankruptcy Court**<br>**21041 Burbank Boulevard**<br>**Woodland Hills, California 91367** |

**TO THE HONORABLE GERALD MUND, UNITED STATES BANKRUPTCY JUDGE:**

Law Offices Of Raymond H. Aver, A Professional Corporation ("Aver Firm") opposes the "Trustee's Motion For An Order Directing The Law Offices Of Raymond H. Aver, APC And Marc H. Berry To

Discharge Liens As Violating The Automatic Stay" ("Motion To Avoid Liens"). The Aver Firm opposes the Motion To Avoid Liens only to the extent the motion seeks avoidance of the deed of trust in favor of the Aver Firm ("Vermont Property Trust Deed").[1]

The Aver Firm opposes the Motion To Avoid Liens on the following grounds:

1. The avoidance of a lien requires the filing of an adversary proceeding under Rule 7001 of the Federal Rule of Bankruptcy Procedure.

2. Equitable considerations weigh against avoidance of the Vermont Property Trust Deed.

3. The statute of limitations prevent the Trustee from seeking to avoid the Vermont Property Trust Deed under either 11 U.S.C. section 544 or 549.

This opposition is based upon the legal authorities, and the facts and circumstances described in the attached memorandum of points and authorities, as supported by the declaration of Raymond H. Aver and the exhibits referenced in that declaration and attached to the Request For Judicial Notice, filed concurrently with this opposition.

**WHEREFORE**, the Aver Firm requests that the Court deny the Motion To Avoid Liens as it pertains to the Vermont Property Trust Deed on the procedural and/or substantive grounds set forth above and in the

---

[1] The Aver Firm takes no position regarding the Motion To Avoid Liens vis-a-vis the Berry Abstract Of Judgment, Order Re Discovery Sanctions, or Findings And Order After Hearing Granting Plaintiff's Motion To Compel And For Sanctions, which are liens that are extremely different from that of the Vermont Property Trust Deed.

attached memorandum of points and authorities, and for such other and further relief as is just and proper.

Dated: October 13, 2020

LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation

By: ____________________
RAYMOND H. AVER
Bankruptcy Counsel for
LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation

*OPPOSITION TO MOTION TO AVOID LIEN*

Law Offices of Raymond H. Aver, APC

Page 3

## MEMORANDUM OF POINTS AND AUTHORITIES

Law Offices Of Raymond H. Aver, A Professional Corporation ("Aver Firm") submits this memorandum of points and authorities in support of its opposition to the "Trustee's Motion For An Order Directing The Law Offices Of Raymond H. Aver, APC And Marc H. Berry To Discharge Liens As Violating The Automatic Stay" ("Motion To Avoid Liens").

## I.

## STATEMENT OF FACTS

Glen E. Pyle ("Debtor") was the owner, or at least co-owner, and in possession and control of the residential real property located at 25226 Vermont Drive, Newhall, California 91321 ("Vermont Property") prior to the execution of the Grant Deed on August 11, 2003, referenced below. [*see,* "Request For Judicial Notice" ("RJN") Exhibit A - "Declaration Of Glen E. Pyle In Support Of 'Motion For Summary Judgment By Defendants Glen E. Pyle And The Glen E. Pyle Irrevocable Trust," (Adv. Docket #116) ("Pyle Adversary Declaration") ¶2]

On or about January 20, 2000, Debtor caused to be created the Pyle Irrevocable Trust ("Irrevocable Trust") with the intention of transferring the Vermont Property into the Irrevocable Trust. [*see,* RJN Exhibit A - Pyle Adversary Declaration ¶3; Exhibit A]

On August 11, 2003, Debtor executed a Grant Deed memorializing the transfer of the Vermont Property from himself to the Irrevocable Trust. The Grant Deed was recorded on June 28, 2004, in the Official Records, Recorder's Office Los Angeles County California, as Document No. 04 1645638. [*see,* RJN Exhibit A - Pyle Adversary Declaration ¶4;

Exhibit C]

On November 30, 2010, Debtor caused to be filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code. [*see*, RJN Exhibit A - Pyle Adversary Declaration ¶6]

On March 7, 2011, Marc H. Berry caused a "Complaint To Set Aside Or Annul Fraudulent Conveyances; Alter Ego; And For Damages," to be filed with the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"), captioned *Berry v. Pyle, et al.*, Adversary No. 1:11-ap-01180-GM ("Berry Adversary Proceeding") which was amended on March 29, 2011 by the filing of a "First Amended Complaint To Set Aside *or* Annul Fraudulent Conveyances; Alter Ego; And For Damages" [Adversary Docket #4] ("Berry FAC"). By the Berry FAC, Berry sought to invalidate the transfer of the Vermont Property from Debtor to the Irrevocable Trust as a fraudulent transfer. [*see*, RJN Exhibit B - FAC]

On or about March 18, 2013, the Aver Firm substituted in as defense counsel for Debtor and the Pyle Irrevocable Trust in the Berry Adversary Proceeding. [*see*, RJN Exhibit C - Substitution Of Attorney]

On March 26, 2015, the Clerk of the Bankruptcy Court issued a "Notice Of Possible Dividend And Order Fixing Time To File Claims" [Docket #39-1], notifying creditors that they must file a proof of claim on or before June 29, 2015 ("Claims Bar Date"). [*see*, RJN Exhibit D - Order Fixing Time To File Claims]

The following five proofs of claim were filed according to the Claims Register maintained by the Court:

| | | | |
|---|---|---|---|
| Claim #1 | Leila Maitland | $ 98,420.56 | claimed as secured |
| Claim #2 | FTB | $ 9,267.04 | claimed as unsecured |

    Claim #3 Ian Campbell $ 75,103.00 claimed as unsecured

Claim #4 Marc Berry $ 23,515.83 claimed as secured

Claim #5 PYOD (Citibank) $ 2,179.55 claimed as unsecured

[*see,* RJN Exhibit E - Claims Register]

On or about September 4, 2015, Debtor on behalf of the Irrevocable Trust and himself, individually, executed a "Promissory Note Secured By Deed Of Trust" and a "Deed Of Trust," covering the Vermont Property, in favor of the Aver Firm ("Vermont Property Trust Deed"). The Vermont Property Trust Deed was recorded on January 4, 2016, in the Official Records, Recorder's Office Los Angeles County California, as Document No. 20160001602. [*See,* Exhibit 1 to the Motion To Avoid Liens]

The Aver Firm has represented Debtor and the Irrevocable Trust in the Berry Adversary Proceeding, and Debtor and the Irrevocable Trust are indebted to the Aver Firm for legal services rendered and costs incurred on their behalf, during the more than seven years of such representation.[2]

Debtor and the Irrevocable Trust are in default of their obligations to the Aver Firm, and the Aver Firm was preparing to seek to enforce its rights under the Vermont Property Trust Deed.

On May 11, 2020, the "Chapter 7 Trustee's Motion For Order Compelling Debtor And All Other Occupants To Turnover And Vacate The Properties Commonly Known As: (1) 25226 Vermont Drive, Santa Clarita, CA 91321; And (2) 9466 Sunland Blvd., Sun Valley, CA 91352 ..." ("Turnover Motion") [Docket #66] was filed. [*see,* RJN Exhibit F

---

[2] On June 1, 2018, the Aver Firm caused to be filed the "Motion Of Law Offices Of Raymond H. Aver, A Professional Corporation, To Withdraw As Attorneys For Defendants Glen E. Pyle And Glen E. Pyle Irrevocable Trust" [Docket #206] which was denied by order issued and entered on July 2, 2018. [Docket #216]

- Turnover Motion] The Turnover Motion was the first pleading filed by any interested party alleging that Debtor's transfer of the Vermont Property to the Irrevocable Trust failed because the transfer deed naming the Irrevocable Trust, and not the trustee, did not transfer title under California law.

On June 25, 2020, the Court issued an "Order Granting Motion For Turnover Of Real Property" ("Turnover Order"). [*see*, RJN Exhibit G - Turnover Order]

On August 20, 2020, the "Trustee's Motion For Order: (1) Authorizing Sale Of Estate's And Co-Owner, Linda Daniel's Right, Title And Interest In The Real Property Commonly Known As 25226 Vermont Drive, Santa Clarita, CA 91321 Free And Clear Of Liens ..." [Docket #93] ("Sale Motion"). [*see*, RJN Exhibit H - Sale Motion] The Sale Motion is based upon a $465,000 sale price, and states that the bankruptcy estate will receive $67,835.48 from the Vermont Property sale proceeds, after payment of closing costs, property taxes, the Daniel co-ownership interest, and the Maitland and Berry judgment liens, in addition to $169,400 that Daniel agreed to carve-out and pay to the Trustee. [See, Docket #93, pp. 15 of 35 and 11 of 35]. Therefore, and even based upon a $465,000 sale price, there should be sufficient net sale proceeds to satisfy all claims against the estate, consisting of general unsecured claims totaling $86,549.59 simply by subordinating the Vermont Property Trust Deed to such claims without having to avoid the trust deed.

On September 15, 2020, the Court issued an "Order Granting Trustee's Motion For Order: 1) Authorizing Sale Of Estate's And Co-Owner, Linda Daniel's Right, Title And Interest In The Real Property Commonly Known As 25226 Vermont Drive, Santa Clarita, CA 91321 Free

And Clear Of Liens ...," authorizing the Trustee to sell the Vermont Property for $542,000.00 ("Sale Order"). [*see*, RJN Exhibit I - Sale Order]

On September 29, 2020, the Trustee caused to be filed the Motion To Avoid Liens.

II.

LEGAL ANALYSIS

A. The Trustee's Effort To Avoid The Vermont Property Trust Deed Requires The Filing Of An Adversary Proceeding

Federal Rule of Bankruptcy Procedure 7001 lists 10 separate categories of proceedings specifically denominated as adversary proceedings governed by the rules of Part VII. A proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002 is an adversary proceeding governed by Rule 7001. Similarly, a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d) is also an adversary proceeding governed by Rule 7001.

Adversary proceedings are separate lawsuits within the context of a particular bankruptcy case and have all of the attributes of a lawsuit, including the filing and service of a formal complaint and application, with certain modifications, of the Federal Rules of Civil Procedure, as provided in Part VII of the Bankruptcy Rules. [ *In re Cain*, 2018 Bankr. LEXIS 2416, at *5 (Bankr. M.D. Ala. Aug. 14, 2018) ("Generally speaking, adversary proceedings are free standing

lawsuits that, procedurally speaking, are independent from the related bankruptcy case.").

Contested matters that are not denominated as adversary proceedings are governed by other rules, including Rule 9014, which provides that in contested matters not otherwise governed by the Bankruptcy Rules, relief shall be requested by motion. [Fed. R. Bankr. P. 9014; *see In re Landmark Fence Co.*, 2018 U.S. Dist. LEXIS 168425, at *25 (C.D. Cal. Sept. 28, 2018) (stating that "[a] matter qualifies as an 'adversary proceeding,' as opposed to a 'contested matter,' if it is included in the list given in Bankruptcy Rule 7001." (citation omitted)].

Failure to commence an adversary proceeding when seeking the relief of the kind listed in Rule 7001 has resulted in denial of the motion or dismissal of the proceeding. [*See e.g.*, *In re Grand View Fin. LLC*, 2018 LEXIS 1791, at * 4-5 (Bankr. C.D. Cal. Jun. 15, 2018) (because debtor failed to file adversary proceeding for turnover of property and money as required by Rule 7001(1), motion for an order compelling turnover of property of the estate was procedurally defective)]

The Motion To Avoid Liens is patently a proceeding to determine the validity, priority, or extent of a lien or other interest in property. The relief sought by the Motion To Avoid Liens must therefore be sought by an adversary proceeding and not via a contested matter.

B. <u>Equitable Considerations Weigh In Favor Of Allowing The Vermont Property Trust Deed To Remain Against The Vermont Property</u>

The Vermont Property Trust Deed was taken to ensure that the

Aver Firm would be paid for the legal services and costs incurred in representing Debtor and the Irrevocable Trust, who did not have the financial wherewithal to pay the Aver Firm for those services. The Vermont Property Trust Deed was not taken for the purpose of creating an impermissible post petition lien against property the estate, as argued by the Trustee. [Motion To Avoid Liens, p. 5:1-5] At the time the Vermont Property Trust Deed was made, Debtor steadfastly maintained that the Vermont Property was owned by the Irrevocable Trust and was not property of the bankruptcy estate. Indeed, there would have no reason to commence the Berry Adversary Proceeding if the Vermont Property had been property of the estate at the time the Berry Adversary Proceeding was commenced. Therefore, the taking of the Vermont Property Trust Deed could not have been a violation of the automatic stay because the Vermont Property was not property of the estate at the time the Vermont Property Trust Deed was made.

The Trustee also argues in the Motion To Avoid Liens that actions taken in violation of the automatic stay are void, apparently assuming that the Vermont Property was property of the estate at the time the Vermont Property Trust Deed was made. [Motion To Avoid Liens, p. 5:9-12][3] Even assuming that the Vermont Property was property of the estate at the time of the making of the Vermont Property Trust Deed, the Aver Firm may be entitled to an order granting it retroactive relief from stay. The Ninth Circuit has held that the bankruptcy court has "wide latitude in crafting relief from

---

[3] The Trustee also argues that upon the filing of the within bankruptcy petition, the Trustee has the status of a hypothetical judgment lien creditor who has levied as of the date of the petition, and based upon such status may avoid the Vermont Property Trust Deed. This latter argument is addressed in subsection C below.

the automatic stay, including the power to grant retroactive relief from stay." [*Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 572 (9th Cir. 1992); *Nat'l Envtl. Waste Corp. v. City of Riverside* (*In re Nat'l Envt. Waste Corp.*), 129 F.3d 1052, 1054-55 (9th Cir. 1997); *Mataya v. Kissinger* (*In re Kissinger*), 72 F.3d 107, 109 (9th Cir. 1995)] In determining whether to grant retroactive relief, the Ninth Circuit has utilized a balancing test, "weighing the equities" on a "case by case" basis, in which the bankruptcy court has "wide latitude" that will not be upset in the absence of abuse of discretion. [*Nat'l Envtl. Waste Corp.*, 129 F.3d at 1054-55]

Although the Vermont Property Trust Deed was recorded on January 4, 2016, imparting constructive notice of the making of the Vermont Property Trust Deed, no party in interest took any action to contest the Vermont Property Trust Deed.[4] The failure to take any action to contest the making of the Vermont Property Trust Deed is arguably a waiver of the right to now seek to avoid the Vermont Property Trust Deed and all parties in interest, including the Trustee, should be equitably estopped from doing so now.

Even if the Court is not persuaded that wavier or equitable estoppel may apply in this situation, the Aver Firm should at a minimum be afforded an opportunity to seek retroactive relief from stay.

---

[4] It is noted that the Turnover Motion is supported by the Trustee's declaration to which is attached a Preliminary Report issued by Equit Title Company dated March 8, 2019.

C. The Statute Of Limitations Prevents The Trustee From Seeking To Avoid The Vermont Property Trust Deed Under Either 11 U.S.C. Sections 544 or 549

The Trustee argues that even "[i]f the automatic stay provisions of 11 U.S.C. §362 do not prohibit the filing of the Lienholders' post-petition liens, such liens are voidable under the Bankruptcy Code" [Motion To Avoid Liens (Docket #124), p.5], under either Section 544 or 549.

As the Trustee argues, Section 544, the strong arm clause, gives the trustee the rights and powers of a hypothetical bona fide purchaser of real property at the time of commencement of the case. Similarly, Section 549 provides a basis for the trustee to avoid certain post petition transfers. However, there are limitations on the trustee's avoiding powers. One of those limitations is found in Section 546(a)(1) which prohibits the commencement of an adversary proceeding under Section 544 if it has not been commenced after the earlier of - the later of 2 years after the entry of the order for relief or 1 year after the appointment of the trustee. Similarly, Section 549(d) prohibits the commencement of an adversary proceeding under Section 549 if it has not been commenced after the earlier of - two years after the date of the transfers sought to be avoided, or the time the case is closed or dismissed. Given that the limitations periods for commencing an adversary proceeding under either Section 544 or 549 have passed, the Vermont Trust Deed is not voidable under either of those sections of the Bankruptcy Code.

///

///

III.

CONCLUSION

The "Trustee's Motion For An Order Directing The Law Offices Of Raymond H. Aver, APC And Marc H. Berry To Discharge Liens As Violating The Automatic Stay" is procedurally defective. Any effort to avoid the Vermont Property Trust Deed must be commenced and prosecuted via an adversary proceeding. Substantively, the statute of limitations prevents the Trustee from seeking to avoid the Vermont Property Trust Deed under either Sections 544 or 549, and equitable considerations weigh in favor of allowing the Vermont Property Trust Deed to remain against the Vermont Property. In the event the Court is not inclined to deny the Motion To Avoid Liens, the Aver Firm requests an opportunity to seek retroactive relief from stay.

Dated: October 13, 2020

LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation

By: ______________________
RAYMOND H. AVER
Bankruptcy Counsel for
LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation

**DECLARATION OF RAYMOND H. AVER**

I, RAYMOND H. AVER, declare:

1. I am an attorney at law admitted to practice before the courts of the State of California. I am employed by the Law Offices of Raymond H. Aver, A Professional Corporation ("Aver Firm"). The Aver Firm is bankruptcy litigation counsel for Glen E. Pyle ("Debtor") and Glen E. Pyle Irrevocable Trust ("Trust") (collectively, "Pyle Defendants"), defendants in the adversary proceeding, *Berry v. Pyle, et al.*, Adv. No. 1:11-ap-01180-GM, currently before the United States Bankruptcy Court for the Central District of California [San Fernando Valley Division].

2. As the attorney at the Aver Firm who has been primarily responsible for the representation of the Pyle Defendants, I have either become familiar with or have been involved in the following:

a. Debtor was the owner, or at least co-owner, and in possession and control of the residential real property located at 25226 Vermont Drive, Newhall, California 91321 ("Vermont Property") prior to the execution of the Grant Deed on August 11, 2003, referenced below. [*see,* "Request For Judicial Notice" ("RJN"), filed concurrently with this declaration, Exhibit A - "Declaration Of Glen E. Pyle In Support Of 'Motion For Summary Judgment By Defendants Glen E. Pyle And The Glen E. Pyle Irrevocable Trust," (Adv. Docket #116) ("Pyle Adversary Declaration") ¶2]

b. On or about January 20, 2000, Debtor caused to be created the Pyle Irrevocable Trust ("Irrevocable Trust") with the intention of transferring the Vermont Property into the Irrevocable Trust. [*see,* RJN Exhibit A - Pyle Adversary Declaration ¶3; Exhibit

A]

c. On August 11, 2003, Debtor executed a Grant Deed memorializing the transfer of the Vermont Property from himself to the Irrevocable Trust. The Grant Deed was recorded on June 28, 2004, in the Official Records, Recorder's Office Los Angeles County California, as Document No. 04 1645638. [*see,* RJN Exhibit A - Pyle Adversary Declaration ¶4; Exhibit C]

d. On November 30, 2010, Debtor caused to be filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code. [*see,* RJN Exhibit A - Pyle Adversary Declaration ¶6]

e. On March 7, 2011, Marc H. Berry caused a "Complaint To Set Aside Or Annul Fraudulent Conveyances; Alter Ego; And For Damages," to be filed with the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"), captioned *Berry v. Pyle, et al.*, Adversary No. 1:11-ap-01180-GM ("Berry Adversary Proceeding") which was amended on Marcy 29, 2011 by the filing of a "First Amended Complaint To Set Aside *or* Annul Fraudulent Conveyances; Alter Ego; And For Damages" [Adversary Docket #4] ("Berry FAC"). By the Berry FAC, Berry sought to invalidate the transfer of the Vermont Property from Debtor to the Irrevocable Trust as a fraudulent transfer. [*see,* RJN Exhibit B - FAC]

f. On or about March 18, 2013, the Aver Firm substituted in as defense counsel for Debtor and the Pyle Irrevocable Trust in the Berry Adversary Proceeding. [*see,* RJN Exhibit C - Substitution Of Attorney]

g. On March 26, 2015, the Clerk of the Bankruptcy Court issued a "Notice Of Possible Dividend And Order Fixing Time To File

Claims" [Docket #39-1], notifying creditors that they must file a proof of claim on or before June 29, 2015 ("Claims Bar Date"). [*see,* RJN Exhibit D - Order Fixing Time To File Claims]

h. The following five proofs of claim were filed according to the Claims Register maintained by the Court:

| | | | |
|---|---|---|---|
| Claim #1 | Leila Maitland | $ 98,420.56 | claimed as secured |
| Claim #2 | FTB | $ 9,267.04 | claimed as unsecured |
| Claim #3 | Ian Campbell | $ 75,103.00 | claimed as unsecured |
| Claim #4 | Marc Berry | $ 23,515.83 | claimed as secured |
| Claim #5 | PYOD (Citibank) | $ 2,179.55 | claimed as unsecured |

[*see,* RJN Exhibit E - Claims Register]

i. On or about September 4, 2015, Debtor on behalf of the Irrevocable Trust and himself, individually, executed a "Promissory Note Secured By Deed Of Trust" and a "Deed Of Trust," covering the Vermont Property, in favor of the Aver Firm ("Vermont Property Trust Deed"). The Vermont Property Trust Deed was recorded on January 4, 2016, in the Official Records, Recorder's Office Los Angeles County California, as Document No. 20160001602. [*See,* Exhibit 1 to the Motion To Avoid Liens] The Vermont Property Trust Deed was taken to ensure that the Aver Firm would be paid for the legal services and costs incurred in representing Debtor and the Irrevocable Trust, who did not have the financial wherewithal to pay the Aver Firm for those services. The Vermont Property Trust Deed was not taken for the purpose of creating an impermissible post petition lien against property the estate, as argued by the Trustee.

j. The Aver Firm has represented Debtor and the Irrevocable Trust in the Berry Adversary Proceeding, and Debtor and the Irrevocable Trust are indebted to the Aver Firm for legal

services rendered and costs incurred on their behalf, during the more than seven years of such representation.[5]

k. Debtor and the Irrevocable Trust are in default of their obligations to the Aver Firm, and the Aver Firm was preparing to seek to enforce its rights under the Vermont Property Trust Deed.

l. On May 11, 2020, the "Chapter 7 Trustee's Motion For Order Compelling Debtor And All Other Occupants To Turnover And Vacate The Properties Commonly Known As: (1) 25226 Vermont Drive, Santa Clarita, CA 91321; And (2) 9466 Sunland Blvd., Sun Valley, CA 91352 ..." ("Turnover Motion") [Docket #66] was filed. [*see*, RJN Exhibit F - Turnover Motion] The Turnover Motion was the first pleading filed by any interested party alleging that Debtor's transfer of the Vermont Property to the Irrevocable Trust failed because the transfer deed naming the Irrevocable Trust, and not the trustee, did not transfer title under California law.

m. On June 25, 2020, the Court issued an "Order Granting Motion For Turnover Of Real Property" ("Turnover Order"). [*see*, RJN Exhibit G - Turnover Order]

n. On August 20, 2020, the "Trustee's Motion For Order: (1) Authorizing Sale Of Estate's And Co-Owner, Linda Daniel's Right, Title And Interest In The Real Property Commonly Known As 25226 Vermont Drive, Santa Clarita, CA 91321 Free And Clear Of Liens ..." [Docket #93] ("Sale Motion"). [*see*, RJN Exhibit H - Sale Motion] The Sale Motion is based upon a $465,000 sale price, and states that the bankruptcy estate will receive $67,835.48 from the Vermont

---

[5] On June 1, 2018, the Aver Firm caused to be filed the "Motion Of Law Offices Of Raymond H. Aver, A Professional Corporation, To Withdraw As Attorneys For Defendants Glen E. Pyle And Glen E. Pyle Irrevocable Trust" [Docket #206] which was denied by order issued and entered on July 2, 2018. [Docket #216]

Property sale proceeds, after payment of closing costs, property taxes, the Daniel co-ownership interest, and the Maitland and Berry judgment liens, in addition to $169,400 that Daniel agreed to carve-out and pay to the Trustee. [See, Docket #93, pp. 15 of 35 and 11 of 35]. Therefore, and even based upon a $465,000 sale price, there should be sufficient net sale proceeds to satisfy all claims against the estate, consisting of general unsecured claims totaling $86,549.59.

o. On September 15, 2020, the Court issued an "Order Granting Trustee's Motion For Order: 1) Authorizing Sale Of Estate's And Co-Owner, Linda Daniel's Right, Title And Interest In The Real Property Commonly Known As 25226 Vermont Drive, Santa Clarita, CA 91321 Free And Clear Of Liens ...," authorizing the Trustee to sell the Vermont Property for $542,000.00 ("Sale Order"). [*see*, RJN Exhibit I - Sale Order]

9. I have personal knowledge of the statements set forth in this declaration, except where stated on information and belief, and where so stated, I am informed and believe that such facts are true and correct. If called and sworn as a witness, I could and would competently testify to the above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of October 2020, at Los Angeles, California.

RAYMOND H. AVER

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

The foregoing document described **"OPPOSITION TO 'TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE LAW OFFICES OF RAYMOND H. AVER, APC AND MARC H. BERRY TO DISCHARGE LIENS AS VIOLATING THE AUTOMATIC STAY'; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RAYMOND H. AVER IN SUPPORT THERETO"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 13, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

_X._ Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On **October 13, 2020**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Marc H. Berry, Esquire
Law Offices of Marc H. Berry
P.O. Box 800456
Santa Clarita, California 91355

Glen E. Pyle
9466 Sunland Boulevard
Sun Valley, California 91321

___ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 13, 2020,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Geraldine Mund
Bin on 1st Floor outside entry to Clerk's Office
Judge's Copy temporarily suspended by General Order 20-02.

Glen E. Pyle
glenpyle4@gmail.com

___ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 13, 2020 | Ani Minasyan | [signature] |
|---|---|---|
| Date | Name | Signature |

**SERVICE LIST**

**VIA NEF**

- Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com
- Hartford O Brown hbrown@klinedinstlaw.com
- David H Chung david@macleanchung.com, notices@nextchapterbk.com;sebo@macleanchung.com;R47314@notify.bestcase.com
- Amy L Goldman Amy.Goldman@lewisbrisbois.com
- Amy L Goldman (TR) stern@lbbslaw.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- Amy L Goldman (TR) marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- Benjamin Nachimson ben.nachimson@wnlawyers.com, ben.nachimson@wnlawyers.com
- Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Jason T Yu jyu@klinedinstlaw.com, mrobbins@klinedinstlaw.com