

FILED & ENTERED

OCT 27 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Glen E Pyle<br><br>                    Debtor(s). | Case No.: 1:10-bk-24968-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON TRUSTEE'S MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 30, 2018 ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date:        October 27, 2020<br>Time:       10:00 AM<br>Courtroom: 303 |

    Although Ian Campbell passed away and his claim and judgment are now legally in the possession of Mary Casamento as the successor trustee of the Campbell Trust, for ease in this write-up the name Campbell is used to refer to that claim and judgment at all times.

    On 1/30/18 the Court entered an order granting the Campbell relief from stay to proceed to liquidate its state court claims. The order does not contain the restrictions in the motion that there will be no enforcement of the judgment other than filing a proof of claim. After obtaining the state court judgment, Campbell filed an abstract of judgment, which attached to the prepetition interests of the Debtor in property, which is now property of the estate. This would convert the unsecured Campbell

claim to a secured claim.  Campbell now asserts a claim in excess of $202,000 purportedly secured by the Vermont and Sunland properties.

Opposition by Campbell Estate

The thrust of this opposition is that the Court intended this lien to come into existence.  The order for relief from stay (rfs) had no limitation on it and in subsequent hearings the Court acknowledged that Campbell was foreclosing on Sunland and Vermont.  At the time of the Campbell judgment, the bankruptcy estate did not hold title.  This was no clerical error by the Court.

The rfs motion was prepared by Ian Campbell pro se and had numerous ambiguities and contradictions.  It declared that the stay would remain in effect as to enforcement of the judgment and did not seek annulment.  The Court granted the motion and prepared the order itself.  The Court did not check the box as to limitations on enforcement of the judgment.  Even though this did not match the prayer, it was fully within the discretion of the Court to leave it unlimited.

At the non-dischargeability status conference, the Court noted that although Campbell was trying to bring the properties into the bankruptcy estate, at that time title was in the Pyle Trust and so Campbell could go against the Pyle Trust (against which Campbell had a judgment) without delay.  Campbell's attorney explained that he was seeking the 523(a) judgment as a protection in case there was a title issue as to the Pyle Trust due to the multiple transfers concerning Sunland and Vermont.  Although all parties now realize that the properties belong to the bankruptcy estate and not the Pyle Trust, that should not stop Campbell from retaining the lien.

There is also an argument concerning the Berry amended lis pendens, which Campbell states shows that the Trustee did not intend to prevent Campbell from enforcing his liens and the bankruptcy estate would receive what remained.  But because it appears that the sale price for Vermont and the proposed abandonment of Sunland will not yield sufficient money, the Trustee is attacking Campbell's secured claim.

Reply

The reason for this motion is to determine whether Campbell's claim is secured or unsecured. It was filed as an unsecured claim of $75,103 (claim 3-1). Later Campbell filed a judgment lien for $154,342.58. These are both based on the same underlying debt. The motion for RFS and the order do not support the assertion that this was converted from an unsecured to a secured claim

As to the issue of Campbell's intent, the motion itself states that the stay will remain in effect as to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate. Because of this, the Order was unclear as to whether Campbell was being authorized to enforce his judgment against the Properties. This clarification order is needed to direct the Trustee as to what to pay. Beyond that, Campbell now asserts that the amount owed is more than $202, and if the Court grants this motion, Campbell should be required to amend or withdraw its claim to comport with the nature of its debt.

Analysis and Proposed Ruling

The motion for rfs is a standard motion which allows the movant to proceed to liquidate his claim, but not to execute on it – either as to Pyle individually or property of this bankruptcy estate. The Order only granted what was requested in the motion. This allowed Campbell to proceed to judgment, but did not allow any enforcement mechanism since boxes 5(a) or 5(b) were not checked. There was no confusion at that point in time. No enforcement was allowed. There is no question of the Court's "original intent,' since the Order is absolutely clear.

Thereafter there were a series of status conferences, held at the time that the title to Vermont and Sunland were both believed to be in the Pyle Trust and not the bankruptcy estate. The discussion allowing the Campbell judgment to proceed against the properties was based on the timing in that they were not then property of the bankruptcy estate. But it was understood by Mr. King that if there was a title issue as to the properties, it was important that they proceed to declare the debt owed to Campbell will not be discharged in the bankruptcy. And Campbell prevailed on that as well as on the cause of action that denied Pyle his discharge (second amended complaint).

It was known by Campbell and all parties that Mr. Berry was prosecuting a case to bring the properties into the bankruptcy estate. If he did not prevail, then Campbell would be doubly protected –

-3-

by his judgment lien and by the non-dischargeable nature of his debt [and ultimately the denial of discharge as to Pyle].  So it was appropriate at that time to allow Campbell to record his abstract of judgment so that his priority would be obtained in case the Berry case failed.

But once these properties came into the bankruptcy estate, Campbell's pre-petition unsecured claim was not transformed into a secured claim.  The lien cannot remain on the properties except as to any surplus that may exist after all bankruptcy claims have been paid.  Exactly how that is to be documented is something that the Trustee and the title insurance company will need to resolve.  But as to this motion. The Campbell judgment is an unsecured claim and for bankruptcy purposes its amount is set at the time that this bankruptcy case was filed.  Unless this is a surplus estate with a dividend to be paid to unsecured creditors, because there is no discharge, the unpaid amount of the judgment will actually accrue interest and costs that can be enforced against Pyle and any surplus or property that is not property of the bankruptcy estate.

###

Date: October 27, 2020

Geraldine Mund
United States Bankruptcy Judge