

**FILED & ENTERED**

**OCT 27 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** egonzale **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Glen E Pyle<br><br><br><br><br><br>Debtor(s). | Case No.: 1:10-bk-24968-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE LAW OFFICES OF RAYMOND H. AVER APC AND MARC H. BERRY TO DISCHARGE LIENS AS VIOLATING AUTOMATIC STAY**<br><br>Date:         October 27, 2020<br>Time:        10:00 AM<br>Courtroom: 302 |

The liens in question are as follows:

| | | |
|---|---|---|
| Jan. 4, 2016 | Law Offices of Raymond Aver | Unknown amount (trust deed) |
| July 30, 2020 | Marc H. Berry | $42,747.50 (abstract of judgment) |
| July 31, 2020 | Marc H. Berry | $ 8,000 (abstract of judgment) |
| July 31, 2020 | Marc H. Berry | $ 4,000 (abstract of judgment) |

As to all of these, the Trustee seeks a determination that the automatic stay prevented the filing of these post-petition liens under 11 USC §362(a)(3) and (4). The automatic stay applies because these are actions against property of the estate and seek to improve the lienholders' status post-petition from a post-petition creditor to a secured creditor. Because they are in violation of the stay, they are void.

Beyond that, the filing of the bankruptcy gave the Trustee the status of a hypothetical judgment lien creditor who has levied as of the date of the petition and therefore she has priority over these liens. 11 USC §544(a). The Trustee may avoid these transfers under §549.

Also, these lienholders are not creditors of the estate because their claims did not exist pre-petition or arise at the time that the petition was filed. §101(10).

Berry Opposition

The Court intended Pyle to pay the sanctions immediately after they were awarded without regard to the automatic stay. The payments were not made and no repayment plan was negotiated. There was a deadline of 3/26/12 for repayment and this was while the automatic stay was in effect. Had Berry thought of it, he would have sought relief from the automatic stay at that time.

The second sanctions award was made on 12/18/18 and was to be paid "forthwith." The Court did not intend this to be stayed by the automatic stay and this is an implied waiver of the automatic stay.

But the automatic stay only applies to pre-petition debts and this was a new obligation that arose after the bankruptcy was filed.

Beyond that, the automatic stay had expired before Berry recorded his two abstracts and therefore should have terminated by a notice of termination of stay. Once the discharge was denied, the rationale for the stay disappeared. There should have been a notice of the order denying discharge from the clerk of court per Rule 2002, but this was not received by Berry. However, he was well aware that the denial of discharge took place on 5/4/20 and these three liens were not recorded for an additional three months.

As to the 7/30/20 lien being duplicative, Berry does not dispute that he only seeks to collect once on his 2001 civil judgment and does not care which lien is deemed to protect that right.

Aver Opposition (the Court uses the term "Aver" and "Aver firm" interchangeably)

To force removal of a lien, one must use an adversary proceeding. Rule 7001 states that an action to remove a lien requires an adversary proceeding. This would have to be a separate free-standing lawsuit, subject to the rules set forth in the 7000 section of the FRBP. This requires denial of this motion.

The Aver firm has represented Pyle in the adversary proceeding for fraudulent transfer. Some of the motions, etc. are attached to this opposition.

Equitable considerations require leaving the lien. At the time of the Vermont trust deed, the Debtor contended that it was property of the irrevocable trust and not of Pyle. Aver took this trust deed to be sure that he would be paid because Pyle did not have the money to pay his fees. It was not property of the estate at the time that the trust deed was taken. And even if it was and there was an automatic stay, the court has the power to retroactively relieve Aver of the stay. This requires a balancing test of weighing the equities on a case-by-case basis and that decision will only be overturned on an abuse of discretion.

This trust deed was recorded in 2016 and no one challenged it until now. Minimally, Aver should be allowed to seek retroactive relief from the stay.

The statute of limitations has run for the Trustee to use his strong-arm powers since more than 2 years have passed since the trust deed was recorded. Sec. 549(d).

The Aver Firm became part of this case when he substituted in as a defense counsel for Pyle and for the Pyle Irrevocable Trust in the Berry adversary for fraudulent transfer.

Trustee Reply

As to the Berry liens:

While there is no stay to collect a post-petition debt from property of the debtor, there is a stay as to property of the estate. This remains in effect until the property is no longer property of the estate. Vermont is property of the estate. As to the effect of the denial of discharge, this only terminates the stay as to property of the debtor, not as to property of the estate.

As to the 7/30/20 lien, Berry admits that this is a duplicate and therefor it should be discharged as the Trustee requests.

<u>As to the Aver Firm lien:</u>

First of all, the recording of the trust deed was a void act, not a voidable one, because it violated the automatic stay. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992). It is not necessary for the Trustee to bring a section 549 action. Since it was void ab initio, there is no statute of limitations to prevent the court from removing it. To hold otherwise would defeat the purpose of the automatic stay. *In re Garcia*, 109 B.R. 335, 339 (D.C.N.D. Ill. 1989).

The time limitations of sec. 549(d) only apply to actions to recover property brought under sec. 549. The only way that the lien can be protected retroactively is by annulling the stay on an appropriate motion. *In re Schwartz*, <u>supra</u>. There is no conceivable way that Aver could justify collecting its post-petition debt from property of the estate.

<u>Proposed Ruling</u>

<u>As to the Berry Liens</u>:

There is no dispute that the July 30 lien is duplicative and will be removed. The history of the state court judgment is that the original judgment in the case of *Berry v. Pyle*, 99CK0380, was entered on 8/7/00 and recorded on 3/25/05. The original judgment was for $11,369.45 and the renewed judgment was for $22,582. The secured proof of claim that was filed on 4/6/15 was for $23,515.83, which included all interest through 11/29/10. Apparently Mr. Berry renewed the judgment again on 5/31/19. The original abstract and, thus, the amount of that claim would have increased over time and needs to be calculated. The sale motion states that Mr. Berry will receive the amount of $34,092.65. Obviously this will increase until it is actually paid.

The two abstracts filed on 7/31 are for payment of sanctions orders. The sanctions orders cannot be collected from property of the estate because they were never against the estate. They were

Case 1:10-bk-24968-GM    Doc 141    Filed 10/27/20    Entered 10/27/20 15:46:37    Desc
Main Document    Page 5 of 6

personally against Mr. Pyle and are collectable only at to his property.  Vermont is not his property, but is property of the estate.

It is probable that there was no automatic stay as to collecting from Mr. Pyle because these were post-petition obligations.  Thus, if a chapter 7 debtor went out and used a credit card between filing and discharge, the creditor could seek to collect from his property, but not from property of the estate.  To the extent that the automatic stay may have applied, the Trustee is correct that the automatic stay terminated ONLY as to Mr. Pyle when his discharge was denied.  It did not terminate as to the estate or property of the estate.  Mr. Berry can seek payment directly from Mr. Pyle (but not from property of the estate).  To the extent that he is not willing or able to pursue Pyle's own property, he can seek an administrative claim, though the Court does not know whether these qualify for that.  But these sanctions orders do not create a secured claim against property of the estate.  Grant the motion as to all three of the liens recorded in July 2020.  Within 30 days of the entry of the order, Mr. Berry is to file the appropriate papers to discharge these liens.

As to the Aver trust deed:

The law is quite clear that a lien or act taken when the automatic stay is in effect is void ab initio. Section 549(d) does not create a statute of limitations as to violations of the automatic stay.

As to the necessity to bring an adversary proceeding under these circumstances, the parties are entitled to the process described in Part VII of the FRBP, such as discovery.  But in this case there is no discovery or other issues to be resolved.  It is undisputed that the trust deed was recorded post-petition. If Vermont was property of the estate, recording a lien on that property is a violation of the automatic stay and was void ab initio – see *In re Schwartz,* supra.  The only questions are as follows: (1) was the Aver firm granted relief from stay?  There is no dispute that this did not occur; and (2) was Vermont property of the estate.  Although title appeared to be in the name of the Pyle Trust at the time, it has since been judged by final order that Vermont was and is property of the estate and not of the Pyle Trust.  It does not matter that title was unclear at the time that the Aver firm recorded its lien.  Vermont was always property of the estate.

Mr. Aver argues that because a review of the legal documents at the time of the recording of the trust deed appeared to show title in the Pyle Trust, his lien should stand as though the actual ownership at that instant was in the Pyle Trust. It was not. Had property that was owned by Pyle as an individual actually been owned by the Pyle Trust at that moment in time, the retransfer to Mr. Pyle would not have removed the Aver lien since the recording of the lien would not have violated the automatic stay. But this is not the fact of this case. Vermont was always the property of Glen Pyle, individually, and thus became property of the estate upon the filing of this bankruptcy case. Grant the motion. Within 30 days of the entry of the order, the Aver firm and Mr. Aver are to file the appropriate paperwork to discharge the lien.

The Aver firm did not intentionally breach the automatic stay. Thus the Trustee has not asked for sanctions and the Court would not have awarded them had they been requested. Mr. Aver acted reasonably under the circumstances, but that did not protect him from losing the lien.

As to his indication that he will seek to retroactively annul the stay, no such motion has been filed. Should this occur, the Court will deal with it. If the Aver firm intends to bring such a motion, it is to be filed within one week and be set for hearing on shortened notice for Nov. 17 at 10:00. Both parties have had ample time to be prepared to deal with this without delay.

###

Date: October 27, 2020

Geraldine Mund
United States Bankruptcy Judge