FILED & ENTERED

JAN 12 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Glen E Pyle<br><br><br><br>Debtor(s). | Case No.: 1:10-bk-24968-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON DEBTOR'S OPPOSITION TO ALL CLAIMS**<br><br>Date:    January 12, 2021<br>Time:    11:00 AM<br>Courtroom: 302 |

This is a compilation of a series of arguments with some supporting documents. Some were previously decided and the time to appeal has expired. Rather than repeating all of the arguments in those situations, the Court will make its comments in *italics*.

The Court had no right to sell the Vermont property because it and Sunland belong to the Trust:

*This was decided by a final ruling. The Order granting the motion for turnover of both properties was entered on June 24, 2020 (dkt. 78), which determined that both properties are*

-1-

*property of the bankruptcy estate. No appeal was filed and the time has passed to do so. There will be no further analysis of this issue.*

Other matters presented by Mr. Pyle:

(1) Linda Daniel has not been in possession of Vermont since April 1991 and thus her claim of ownership is barred by Cal. Code of Civil Procedure (CCP) 318 and 319 as well as the adverse possession provisions of CCP 325, which provide title to the Trust's trustee on Jan. 12, 2000.

(2) Mr. Berry lacks standing to be in the case. At the sec. 341(a) meeting, the Trustee told Berry that his claim is not good under Cal. Civ. Code (CC) 3439. His claim was extinguished by CC 3439.09 since there was no legal action for over 4 years (from 2000 through 2004 when he filed the abstract). Then he waited another 5 years to file the renewal, which prompted this bankruptcy. That was over 10 years from the transfer of the property to the Trust, which occurred on Jan. 12, 2000. 11 USC 548(e) states that the bankruptcy trustee may avoid a transfer made within 10 years of the date of the filing of the bankruptcy petition. The transfer on 1/12/00 is 10 years and 10 months before the bankruptcy filing on 11/30/10. Beyond that, real estate title litigation is within the purview of the superior court, not the bankruptcy court, which has no experience in these matters.

(3) Mr. Berry violated the rules of the State Bar when he represented the Trustee against Pyle, who was his former client. Mr. Nachimson brought this to the Court's attention in his objection to the Berry claim in the Vermont sales proceeds. Berry only handled this to line his own pockets and his suit was neither proper nor necessary.

(4) The Maitland claim is based on a fraudulent claim by Renaud Valuzet. Case 01U00166. Service on that case was made on an empty building owned by Valuzet while Pyle was in jail. The judgment entered in 10/17/01 was not enforced until 1/18/06, which is 5 years. This

was extinguished by CC 3439.09 after 4 years.  The title report was wrong as was the court that issued the writ of execution because the judgment had been extinguished.

They should have known that the transfer from an irrevocable trust is not legally possible for a grantor to obtain a loan on property granted to an irrevocable trust.  The escrow/title company entered on the deed regarding the loan to Maitland that "in violation of CC 1710, the transfer was not taxable because it was to a 'revocable trust.'"

The loan amount was changed at the last minute.  The judgment was for $23,000 and this was changed to $32,000 on a $3,000 debt.  It was inflated by Valuzet and his attorney.  Pyle's attorney abandoned him after Mr. Salvato threatened him with sanctions.  But he should have known that the Valuzet claim was void under CC 3439.09.  The LA Sheriff also threatened to sell Sunland within hours even though he should have known that it was in the name of the Trust.

Because of all this, Pyle was forced to take out the Maitland loan.  It went from $23,000 to the final loan amount of $60,000.  He was told that the loan was not secured by Vermont because that property was not in Pyle's name..  He found this out from a real estate attorney after he filed bankruptcy and that is why he stopped making payments to Maitland.  Judge Mund lifted the automatic stay in December 2015.  Maitland did file suit and over 4 years passed, so her claim was extinguished under CC 3439.09.

The proceeds of Vermont should not be distributed to anyone and the sale should be cancelled and reversed as a violation of CC 1381.1, etc. [*This is now Probate Code 610, etc. and deals with trusts.*]  *There is no contention that the Irrevocable Trust is not valid, merely that the purported transfer of the two real properties to the trust was an unenforceable transfer.*]

COURT ANALYSIS:

Because Mr. Pyle puts forth lots of dates, it is best to have a settled chronology of events.

| Date | Event | Source |
|---|---|---|
| 1/12/2000 | Irrevocable Trust created - Pyle is the grantor and the trustee. His children are the beneficiaries. | 11-ap-01180 |
| 2/24/2000 | Grant deed on Vermont from Pyle to Trust and Sweetwater dated | 11-ap-01180 |
| 8/1/2000 | Trust Deed from Pyle to Sweetwater as to Vermont dated | 11-ap-01180 |
| 8/7/2000 | Berry obtains judgment in 99C00380 | Proof of claim |
| 3/8/2001 | Trust Deed from Pyle to Sweetwater as to Vermont signed | 11-ap-01180 |
| 4/12/2001 | Trust Deed from Pyle to Sweetwater as to Vermont recorded | 11-ap-01180 |
| 8/11/2003 | Grant deed on Vermont from Pyle to Trust and Sweetwater notarized | 11-ap-01180 |
| 6/28/2004 | Grant deed on Vermont from Pyle to Trust and Sweetwater recorded | 11-ap-01180 |
| 6/28/2004 | Grant deed on Sunland from Pyle to Trust and Sweetwater recorded | 11-ap-01180 |
| 3/25/2005 | Berry records abstract of judgment in 99C00380 | Proof of claim |
| 6/28/2010 | Berry renews judgment in 99C00380 | Proof of claim |
| 11/30/2010 | Bankruptcy Case filed | |
| 3/7/2011 | Berry adversary filed | 11-ap-01180 |
| 3/7/2011 | Campbell v. Pyle filed for nondischargeable judgment and denial of discharge | 11-ap-01181 |
| 3/29/2011 | First amended complaint filed by Berry under state law | 11-ap-01180 |

| Date | Event | Case |
|---|---|---|
| 4/6/2011 | Berry starts discovery | 11-ap-01180 |
| 5/6/2011 | Pyle's attorney (Richard Singer) files answer to complaint asserting statute of limiations as an affirmative defense under state law | 11-ap-01180 |
| 6/17/2011 | Order granting Trustee's motion for authority to sell estate's interest in the avoidance action to Berry | 10-bk-24968 |
| 10/3/2012 | Richard Singer withdraws as attorney for Pyle in the adversary | 11-ap-01180 |
| 3/18/2013 | Ray Aver substitutes in for Pyle as attorney in the adversary | 11-ap-01180 |
| 9/28/2016 | Order on partial decision on Pyle motion for summary judgment, deals with when discovery of transfer took place | 11-ap-01180 |
| 9/18/2017 | Stipulation modifying 6/17/11 order selling estate's interest to Berry | 10-bk-24968 |
| 3/13/2019 | Campbell's attorney receives the title reports that he had ordered on both properties | |
| 5/4/2020 | Judgment denying discharge | 11-ap-01181 |
| 5/11/2020 | Title report filed with Court that shows that the 2/24/2000 deed on Vermont to the Trust is invalid since the deed does not identify the trustee of the Trust | 10-bk-24968 |
| 5/11/2020 | Title report filed with Court that shows that the 6/28/04 deed on Sunland to the Trust is invalid since the deed does not identify the trustee of the Trust | 10-bk-24968 |
| 5/26/2020 | Amy Goldman moves to substitute in as plaintiff for Berry | 11-ap-01180 |
| 6/25/2020 | Order for turnover of Vermont and Sunland | 10-bk-24968 |
| 9/30/2020 | Default judgment against Sweetwater under 11 USC 548(e) and Civ Code 3439.04 and 3439.09 | 11-ap-01180 |
| 5/11/2011 | Trustee motion to sell to Berry | 11-ap-01180 |

<u>As to Linda Daniels</u>, the adverse possession, etc. provisions of CCP 318, 319, 325 do not apply. She was a title owner. The concept of "recovering" possession does not apply to someone who is on title, but to someone who has been removed from title or possession.

<u>As to the action brought by Mr. Berry (11-ap-01180),</u> the statute of limitations was dealt with in the Memorandum of Opinion on Pyle's Motion for Summary Judgment (dkt. 169). The evidence is that this adversary proceeding was commenced within the time limit, although that was not a final ruling but merely a finding of a disputed fact. Nonetheless, this was entered in April 2017 and Pyle has not pursued it since then. Thus the Court will not reopen that issue at this late date.

<u>As to the Maitland claim</u>, Pyle asserts that it is due to a loan to pay off the judgment obtained by Veluzat against Pyle for a commercial eviction action. A review of the superior court docket shows that the Veluzat case was filed on 3/14/2001 and a default judgment was entered on 10/17/01 for past due rents and terminating Pyle's lease or rental agreement. An abstract of judgment was issue on 12/3/01, creating a lien on all off Pyle's real properties in Los Angeles County. On 12/8/05 a writ of execution was issued. The writ was lost and replaced and an order to sell real property was requested. Pyle sought to vacate the default judgment, but that was denied. In 2006 a new writ of execution was issued as was a notice to sell Pyle's residence.

As noted, Pyle asserts that the Maitland loan was used to pay off this judgment. There is no evidence that Maitland had any connection to Veluzat, so any complaints against Veluzat do not apply to Maitland. But beyond that, the Veluzat case is done and all defenses claimed by Pyle are now moot. He raised them in the superior court and they were denied. No appeal was taken. Thus they are irrelevant to the Maitland claim.

<u>As to Berry prosecuting this action</u>, while it is true that in general an attorney cannot represent a party against his former client, there is an exception when an attorney is seeking to collect unpaid fees. The

California Bar requires that the attorney institute an arbitration process, but if the client refuses to participate, the attorney can go forward in court.  The failure of the attorney to follow the rules as to arbitration is a defense to the lawsuit continuing until that has been completed.  There is no indication that Berry did not follow the rules in his superior court case against Pyle.  And, at this time some 10 years after the judgment, it is irrelevant as to his pursuit of this adversary proceeding.  Further, this is an issue that should have been raised earlier, not over 10 years after the adversary was filed.

Overrule all objections.  The Court will prepare the order.

###

Date: January 12, 2021

_____
Geraldine Mund
United States Bankruptcy Judge